# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VISTA PEAK VENTURES, LLC, | § § § § § § § § § § § | |
| Plaintiff | | |
| v. | | NO. 2:18-CV-283 |
| INNOLUX CORP., | | **JURY TRIAL DEMANDED** |
| Defendant. | | |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Innolux Corp. ("Innolux") hereby responds to the Complaint for Patent Infringement filed by Plaintiff Vista Peak Ventures, LLC ("VPV") on July 10, 2018, as follows:

## PARTIES

1. Innolux is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. Innolux admits that Innolux was organized on January 14, 2003. Innolux also admits that it was listed on the Taiwan Stock Exchange Corporation (the "TSEC") in October 2006 and that it merged with TPO Displays Corporation and Chi Mei Optoelectronics Corporation on March 18, 2010, with Innolux as the surviving entity. Except as otherwise set forth herein, the allegations of paragraph 2 are denied.

3. Innolux admits that Innolux Corp. is a corporation organized and existing under the laws of the Republic of China, with its principal place of business located at No. 160, Kesyue Rd., Jhunan Science Park, Miaoli County 35053, Taiwan. Except as otherwise set forth herein, the allegations of paragraph 3 are denied.

## JURISDICTION AND VENUE

4. Innolux admits that VPV purports to allege a claim for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281, 284, and 285, among others. Except as otherwise set forth herein, the remaining allegations of paragraph 4 are denied.

5. Innolux admits that this action purports to arise under 28 U.S.C. §§ 1331 and 1338(a). Except as otherwise set forth herein, the remaining allegations of paragraph 5 are denied.

6. The allegations set forth in paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Innolux admits that its principal place of business is outside the United States. Innolux denies that venue is convenient in this District for this matter, and asserts that there may be more appropriate venues for the adjudication of the claims in the Complaint. Except as otherwise set forth herein, the remaining allegations of paragraph 6 are denied.

7. The allegations set forth in paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Innolux admits that the pdf cited in the Complaint recites, "delivery hubs in major cities in Asia, Europe, and America, so that we can achieve 'deliver just in time' object and strengthen the long term cooperative relationship with customers" and "Given that the business of the Company covers the entire world and the size mix of panels is complete, the Company is a comprehensive LCD provider." Except as otherwise set forth herein, the remaining allegations of paragraph 7 are denied.

8.    The allegations set forth in paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Innolux denies the allegations of paragraph 8.

9.    Denied.

10.   Innolux admits that its 2016 Annual Report on page 76 lists 11,582,252,000 NT$ for "Amount of Sales 2016" for "America." Except as otherwise set forth herein, the remaining allegations of paragraph 10 are denied.

11.   Denied.

### THE ASSERTED PATENTS AND TECHNOLOGY

12.   Innolux admits that it sells TFT-LCD (thin-film transistor—liquid crystal display) flat panel displays. Except as otherwise set forth herein, the remaining allegations of paragraph 12 are denied.

13.   Innolux denies that the Asserted Patents cover Innolux's TFT-LCDs, their components, and processes related to the same. Innolux admits that it has sold a model of TFT-LCDs with model no. M270HGE-L30. Innolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore denies them.

14.   Innolux admits that the URL provided in the Complaint directs to a webpage that includes this image. Except as otherwise set forth herein, the remaining allegations of paragraph 14 are denied.

15.   Innolux admits that the diagram referenced in paragraph 14 depicts at least a portion of a TFT-LCD panel that contains a backlight module. Innolux is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15, and therefore denies them.

16. Innolux admits that a TFT-LCD panel's backlight module can contain many components. Innolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16, and therefore denies them.

17. Innolux is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18. Innolux admits that a TFT-LCD panel may contain a backlight module with a light source. Innolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18, and therefore denies them.

19. Innolux admits that a TFT-LCD panel may contain a backlight module. Innolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19, and therefore denies them.

## **COUNT I**
(INFRINGEMENT OF U.S. PATENT NO. 6,486,931)

20. Except as otherwise admitted, Innolux denies the allegations in Paragraphs 1-19.

21. Innolux admits that U.S. Patent 6,486,931 ("the '931 patent") is entitled "LCD optical guide plate with a roughed back surface having projections that support a reflecting sheet." Innolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21, and therefore denies them.

22. Innolux admits that the face of U.S. Patent No. 6,486,931 indicates that it issued from U.S. Patent Application No. 09/592,914. Except as otherwise set forth herein, the remaining allegations of paragraph 22 are denied.

23. Denied.

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

28. Innolux admits that it has known of the ′931 patent at least as early as the filing date of the Complaint. Innolux admits that between the approximate dates of April 26 and May 4, 2018, it was given access to a data room containing claim charts. Except as otherwise set forth herein, the remaining allegations of paragraph 28 are denied.

29. Innolux admits that the provided website link goes to a Global Service webpage associated with Innolux. Except as otherwise set forth herein, the remaining allegations of paragraph 29 are denied.

30. Denied.

31. Denied.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,446,825)

32. Except as otherwise admitted, Innolux denies the allegations in Paragraphs 1-31.

33. Innolux admits that U.S. Patent 7,446,825 ("the '825 patent") is entitled "Backlight unit, display device provided with the backlight unit, and method of manufacturing the display device." Innolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34. Innolux admits that the face of U.S. Patent No. 7,446,825 indicates that it issued from U.S. Patent Application No. 11/490,119. Except as otherwise set forth herein, the remaining allegations of paragraph 34 are denied.

35. Denied.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Innolux admits that it has known of the ´825 patent at least as early as the filing date of the Complaint. Innolux also admits that it received a letter from Dominion Harbor Group, LLC on or about February 17, 2018. Innolux also admits that between the approximate dates of April 26 and May 4, 2018, it was given access to a data room containing claim charts. Except as otherwise set forth herein, the remaining allegations of paragraph 41 are denied.

42. Innolux admits that the provided website link goes to a Global Service webpage associated with Innolux. Except as otherwise set forth herein, the remaining allegations of paragraph 42 are denied.

43. Denied.

44. Denied.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 7,593,070)

45. Except as otherwise admitted, Innolux denies the allegations in Paragraphs 1-44.

46. Innolux admits that U.S. Patent 7,593,070 ("the '070 patent") is entitled "Backlight unit, display device provided with the backlight unit, and method of manufacturing the display device." Innolux is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46, and therefore denies them.

47. Innolux admits that the face of U.S. Patent No. 7,593,070 indicates that it issued from U.S. Patent Application No. 11/984,403. Except as otherwise set forth herein, the remaining allegations of paragraph 47 are denied.

48. Denied.

49. Admitted.

50. Denied

51. Denied

52. Denied.

53. Denied.

54. Innolux admits that it has known of the ´070 patent at least as early as the filing date of the Complaint. Innolux admits that between the approximate dates of April 26 and May 4, 2018, it was given access to a data room containing claim charts. Except as otherwise set forth herein, the remaining allegations of paragraph 54 are denied.

55. Innolux admits that the provided website link goes to a Global Service webpage associated with Innolux. Except as otherwise set forth herein, the remaining allegations of paragraph 55 are denied.

56. Denied.

57. Denied.

## INJUNCTIVE RELIEF

58. The allegations set forth in paragraph 58 of the Complaint state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Innolux denies the allegations of paragraph 58.

## CONCLUSION

59. Denied.

60. Denied.

## JURY DEMAND

This paragraph requires no response.

## PRAYER FOR RELIEF

Innolux denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief or any other relief.

## GENERAL DENIAL

Innolux denies any allegations in the Complaint not specifically admitted in Innolux's responsive pleadings above.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without conceding that any of the following necessarily must be pled as an affirmative defense or that Innolux necessarily bears the burden of proof or persuasion for any of the following, Innolux asserts the following affirmative defenses to Plaintiff's Complaint. Innolux reserves the right to amend its Answer to add affirmative defenses consistent with the facts discovered in the case.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

Upon information and belief, the subject matter of the '931, '825, and '070 patents do not

meet the requirements of 35 U.S.C. §§ 101, et seq., and are therefore invalid, void and unenforceable for failing to meet the conditions specified in 35 U.S.C. §§ 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Innolux has not and does not infringe any claim of the '931, '825, and '070 patents, directly or indirectly, literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
### (35 U.S.C. §§ 286, 287)

Any claim for damages for patent infringement brought by VPV is barred in whole or in part by failure to mark under 35 U.S.C. § 287 and/or because the recovery sought is for alleged infringement committed more than six years prior to the filing of its Complaint, which is barred by 35 U.S.C. § 286.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches/Waiver/Estoppel/Unclean Hands)

Upon information and belief, VPV claims for relief and prayer for damages are barred in whole or in part, and the '931, '825, and '070 patents are unenforceable, on equitable grounds including laches, waiver, equitable estoppel, and/or unclean hands.  At a minimum, VPV is barred from recovery of any pre-suit damages and any injunctive relief.  The delay in asserting infringement against Innolux was prejudicial to Innolux and, on information and belief, unreasonable.

### FIFTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Innolux pursuant to 35 U.S.C. §285.

## SIXTH AFFIRMATIVE DEFENSE
### (Adequate Remedies at Law)

VPV's claims for injunctive relief are barred at least because VPV has adequate remedies at law and VPV cannot establish the necessary elements to be entitled to injunctive relief.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

Innolux has not and does not willfully infringe any claim of the '931, '825, and '070 patents, and therefore VPV is not entitled to any enhancement of damages under 35 U.S.C. § 284.

Innolux reserves any and all rights to amend its Answer and Defenses to Plaintiff's Complaint and to add additional defenses as they become apparent.

Dated: January 15, 2019

Respectfully submitted,

*/s/ Jeffrey L. Johnson*
Jeffrey L. Johnson
State Bar No. 24029638
Orrick, Herrington & Sutcliffe LLP
609 Main St., 40th Floor
Houston, TX 77002
Telephone:      713.658.6450
Facsimile:      713.658.6401
jj@orrick.com

Robert J. Benson
California Bar No. 155971
2050 Main St., Suite 1100
Irvine, CA 92614
Telephone:      949.567.6700
Facsimile:      949.567.6710
rbenson@orrick.com

ATTORNEYS FOR DEFENDANT
INNOLUX CORP.